[Civ. No. 27364. Fourth Dist., Div. Two. Mar. 11, 1983.]

In re the Marriage of JOYCE LESLY and ALLAN SHERIDAN.
JOYCE LESLY SHERIDAN, Appellant, v.
ALLAN SHERIDAN, Appellant.

**COUNSEL**

James L. McDonald for Appellant Wife.

Horowitz & Horowitz and Stephen P. Horowitz for Appellant Husband.

**OPINION**

**KAUFMAN, Acting P. J.**—Joyce Lesly Sheridan (former wife) moved to modify child and spousal support provisions contained in an interlocutory judg-

ment of dissolution of marriage and for attorney fees. In response Allan Sheridan (former husband) filed opposition and a request for affirmative relief, asserting the court's jurisdiction over spousal support had terminated and requesting former wife be ordered to pay child support for the child living with him. After hearing, the trial court issued an order modifying the judgment of dissolution to include a reservation of jurisdiction over spousal support but declined to award former wife any monetary support under the circumstances shown. The order also denied former husband's request that former wife be required to pay child support for the child living with him and increased to $500 per month the child support former husband is required to pay to former wife for the child living with her. Former wife was awarded attorney fees of $1,000 in respect to the proceedings.

Former wife appeals from the order insofar as it fails to award her spousal support. Former husband filed a notice of cross-appeal in which he contested the court's modification of the judgment to include an indefinite reservation of jurisdiction over spousal support, the award of $1,000 attorney fees to former wife, and the denial of his request for child support payments for the child living with him. In his brief on appeal, however, former husband has expressly abandoned the appeal with respect to the award of attorney fees and indicated that as it relates to the denial of his request for child support, his appeal is precautionary and taken only because the trial court expressly stated its rulings on child support were interrelated with its denial of spousal support.

Thus, the major issues presented by the appeal are whether the court erred in modifying the judgment to include a reservation of jurisdiction over spousal support and, if not, whether the court abused judicial discretion in denying former wife an award of spousal support under the circumstances shown. We conclude the judgment was properly modified and no abuse of judicial discretion has been demonstrated. Accordingly, the order will be affirmed.

█ The interlocutory judgment filed December 16, 1976, ordered former husband to pay to former wife spousal support of $1,200 per month "commencing August 1, 1976, and continuing on the 1st day of each month thereafter for a period of 60 months." It contained no provision reserving the court's jurisdiction over spousal support. However, both the court's minutes and a partial transcript of the court proceedings giving rise to the interlocutory judgment show unequivocally that the omission of a provision reserving the court's jurisdiction over spousal support was a clerical error.

The minutes read in relevant part: "Court orders . . . spousal support to wife of $1,200.00 per month for five years commencing August 1, 1976, at which time spousal support shall terminate; court shall retain jurisdiction over spousal support; . . ." The transcript reads in pertinent part: "With respect to spousal

support, the Court wishes to retain jurisdiction indefinitely with respect to child [*sic*] support, but order that support be paid in the amount of $1200 a month for the next five years on or before the first of the month. [¶] The obvious purpose of awarding it exactly that way is to give Petitioner [former wife] the incentive to prepare herself to become self-sustaining, . . . If needs change, of course, the burden is on you [presumably former wife] to Petition the Court for change of circumstances. [¶] It's anticipated that spousal support will terminate at the conclusion of the five-year period, or 60 months. After a period of 60 months, unless due to reasons of health and burdens of caring for the children and that type of thing situation [*sic*], of course, it's necessary to continue support."

Former wife's attorney asked: "It's a reservation of jurisdiction; is that correct, your Honor?" The court responded: "Yes, and that is indefinite. We have still got five years, and you have one kid that's 11 (*sic*) years old, and I think that as much as the Petitioner [former wife] will have custody, that there ought to be protection in that matter."

■ Regardless of the lapse of time or finality of judgment a court may, upon motion of a party or upon its own motion, correct a clerical mistake in its judgment, whether the mistake was made by the clerk, counsel or the court itself. (Code Civ. Proc., § 473; *In re Marriage of Mercado* (1977) 75 Cal.App.3d 701, 704 [141 Cal.Rptr. 423]; *Zisk* v. *City of Roseville* (1976) 56 Cal.App.3d 41, 47 [127 Cal.Rptr. 896]; see 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 66, p. 3228.) "Where the judgment as signed does not express the actual judicial intention of the court, but is contrary thereto, the signing of such a purported judgment is a clerical error rather than a judicial one." (*Zisk* v. *City of Roseville, supra,* 56 Cal.App.3d at p. 47; accord: *Bastajian* v. *Brown* (1941) 19 Cal.2d 209, 216 [120 P.2d 9]; see 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 68, p. 3230.)

■ The court acted with propriety in modifying the judgment to include a provision reserving jurisdiction over spousal support, that having clearly been the intention of the court at the time the interlocutory judgment of dissolution was rendered.

Former husband argues that, even so, the court intended to limit its reservation of jurisdiction to the five-year period mentioned by it and did not intend the five-year period to be enlarged even by timely motion within the period. We believe not. The court's original statement of the reservation was without limitation, and while some of the language in its subsequent discussion was ambiguous, ultimately, in answer to counsel's clarifying question, "It's a reservation of jurisdiction; is that correct, your Honor?" the court responded: "Yes, and that is indefinite."

We conclude the modification to insert into the support order the reservation expressly stated by the court in announcing its ruling but omitted from the order by clerical error was proper, and we turn to the question of whether the court abused discretion in denying former wife an actual award of spousal support.

■ The circumstances are that at the time of the separation of the parties they had been married approximately 13 years and had 2 minor children, a son age 9 and a daughter age 6 at the time of the interlocutory hearing. Former wife was 33 years old and not employed other than as a homemaker. As a result of the division of the community property, including a balancing payment, former wife received $102,000 cash. Former husband was ordered to pay $200 per month on account of the support of each child and, as previously indicated, $1,200 per month spousal support for 60 months at which time spousal support would be reduced to zero unless (as now modified) the court should otherwise order.

Former husband is an orthodontist in practice as a sole practitioner. His salary from his professional corporation amounts to some $6,000 per month and his standard of living is high if not affluent. After entry of the interlocutory judgment one of the two children began residing fulltime with former husband and the other child began spending a great deal of time with former husband. By agreement husband ceased paying support for the child living with him but he continued to pay child support for the other child.

Of the $102,000 cash received by former wife as a result of the division of the community property, she used $25,000 for a down payment on her home and some $18,000 additional fixing it up. At the time of the hearing she had about $20,000 in savings, the balance having been used for living expenses over the previous five years. She had virtually no income at the time of the hearing, nor at the time of separation or at the time the interlocutory judgment was rendered. After entry of the interlocutory judgment she attended Orange Coast College for one year and thereafter studied at another school for a real estate sales license which she subsequently obtained. For a time she attempted selling real estate with little success. She also had a polyester silk flower and plant business during 1979 and 1980 but again found that unproductive and discontinued it. For a few months she held a job selling business equipment on a commission basis, but she found she was hardly earning enough money to pay for her expenses.

■ Former husband contends the court's order was proper because no appropriate change in circumstances was shown. First, it is argued that in making the original support order the court limited the kinds of change in circumstances that would constitute grounds for modification to "reasons of health and burdens of caring for the children" and that there was no evidence of any change for the worse as to those things.

We do not decide whether a court may in the manner suggested limit the future exercise of its discretion to a consideration of only certain enumerated changes in circumstances. Certainly, an order should not be given that effect unless it is crystal clear that was what the court intended. Here the language of the court strongly suggests the circumstances it enumerated were meant to be only illustrative of changes in circumstances that could cause it to modify the support order. The enumeration of circumstances was immediately followed by, "and that type of thing situation [*sic*], of course, it's necessary to continue support." In addition, we observe that the court's statement was made, not in the formal order, but orally in the presence of the parties with the express purpose of giving former wife "incentive to prepare herself to become self sustaining."

 Next, former husband points out that wife was unemployed at the time of the original order and is still substantially unemployed. He argues therefore that no change of circumstances at all was shown. We do not agree.

The reduction from $1,200 a month to zero when coupled with the reservation of jurisdiction over support was tantamount to a step-down order to $1 per year such as was involved in *In re Marriage of Smith* (1978) 79 Cal.App.3d 725, 741 [145 Cal.Rptr. 205], and it is true that to obtain a modification it was incumbent upon former wife to demonstrate a material change in circumstances. However, she did. The circumstances at the time the original order was made were that, although she was then unemployed, the court expected she would be self-supporting within five years. The fact is she was not, and that constituted a change in circumstances sufficient to support a modification had the failure of the court's expectation to materialize not resulted from former wife's own conduct. And that brings us to former husband's contention that the court's order is supported by evidence that wife did not diligently attempt to find and keep gainful employment.

 The court stated it had no difficulty in finding that former husband had the ability to pay $1,200 per month spousal support and that if the parties had just separated the court would find the request for $1,200 or $1,500 a month spousal support reasonable. However, in denying spousal support the court stated: "And I can only conclude, based on the evidence in front of me, that after five years, the last two years of which were spent working at a job that paid zero money, going to school for enjoyment and not for education and being involved in creative endeavors that sometimes cost her more than she reaped in terms of income, that she thought that something was going to happen at the end of five years that I am not aware of. And part of that possibility may be that the respondent [former husband] was going to go on supporting her." The court also stated that it felt former husband had "in effect, . . . done his duty" by paying $1,200 a month spousal support for 5 years when the duration of the marriage had been only 13 years.

While we do not fully agree with the thought that payment of spousal support for 5 years necessarily constitutes the full performance of duty following a 13-year marriage, we do not interpret the court's statements as indicating, and may not presume, the court was employing some rule of thumb or fixed yardstick with respect to a former husband's duty of spousal support. It appears to us that the duration of the marriage was only one factor considered by the trial court, and it was certainly proper to consider that factor. (Civ. Code, § 4801; *In re Marriage of Morrison* (1978) 20 Cal.3d 437, 449 [143 Cal.Rptr. 439, 573 P.2d 41]; *In re Marriage of Rosan* (1972) 24 Cal.App.3d 885, 892 [101 Cal.Rptr. 295].)

We are persuaded that the major reason the trial court denied an award of spousal support at the present time was its determination that in the five years since the interlocutory judgment former wife had done little to prepare herself for or to seek gainful employment. A court may deny an application for increased spousal support on that basis. (*In re Marriage of Morrison, supra,* 20 Cal.3d at p. 453; see *In re Marriage of Rosan, supra,* 24 Cal.App.3d at p. 896.)

Wife urges her failure in this regard was based on poor judgment rather than bad faith. However, we are unaware of any requirement that the failure to exercise diligence in seeking gainful employment must have been in bad faith to constitute grounds for denying a request for increased spousal support. The ground is unreasonable delay in seeking employment consistent with the party's ability. (See *In re Marriage of Rosan, supra,* 24 Cal.App.3d at p. 896.) Whether there has been such unreasonable delay is a question addressed peculiarly to the trial court which heard the party's testimony and observed the party's demeanor at trial.

While we might have ordered otherwise, we cannot say the trial court abused judicial discretion in declining to make an award of spousal support under the circumstances shown.

The order is affirmed.

McDaniel, J., and Cox, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 25, 1983.

---

*Assigned by the Chairperson of the Judicial Council.