[No. B009681. Second Dist., Div. Five. Oct. 16, 1985.]

In re the Marriage of NADINE R. and JACK PEKAR.
NADINE R. PEKAR, Appellant, v.
JACK PEKAR, Respondent.

COUNSEL

Phillip Schlosberg for Appellant.

Joan Flam and Honey Kessler Amado for Respondent.

OPINION

**HASTINGS, J.**—This appeal challenges a spousal support award that terminated spousal support after a period of five years or until further order of the court.

Nadine R. Pekar, petitioner, and Jack Pekar, respondent, had been married for approximately 24 and a half years at the time of their separation on October 10, 1983. The one child of the marriage, a son, had reached adulthood prior to the date of separation. Petitioner was a housewife from the time of her marriage to 1980, when she began doing temporary clerical work. After several jobs she found permanent employment as a secretary earning, at time of trial, approximately $1,730 a month. Her net earnings were approximately $1,304. She estimated that her reasonable expenses were $3,677 per month.

Respondent, a college graduate, was educated as a civil engineer and worked in that capacity until 1981. At time of trial he was vice president of Fidelity Federal Savings and Loan with a gross income of $4,327 per month. His net income was $3,046.96.

At time of trial petitioner was attending evening classes one night a week at a high school and two nights a week at a college. Although she testified she wanted to receive a business degree, she was skeptical that she would be successful because of her inefficiency in mathematics.

The court's order for spousal support reads, "Respondent shall pay to Petitioner as and for spousal support the sum of $650.00 per month payable on the first day of each month commencing August 1, 1984, and continuing through July 31, 1989, a period of five (5) years, or until further order of Court, provided however this support order shall terminate upon the death of either party or the remarriage of the Petitioner."

█ Although the court retained jurisdiction to continue spousal support after the five-year period and a recent Supreme Court case[1] has authorized the court to continue spousal support past a termination date, petitioner argues that the court abused its discretion by inserting such a date in the order. Petitioner contends that a trial court may not terminate spousal support after a lengthy marriage unless the evidence demonstrates that the supported spouse would be able to adequately meet his or her financial needs at the time selected for termination of jurisdiction. (Citing *In re Marriage of Morrison* (1978) 20 Cal.3d 437 [143 Cal.Rptr. 139, 573 P.2d 41]; *In re Marriage of Rosan* (1972) 24 Cal.App.3d 885 [101 Cal.Rptr. 295].) Petitioner also cites *In re Marriage of Vomacka, supra,* 36 Cal.3d 459, and the following portion of the opinion, at page 467, in support of her argument: "First, orders providing for absolute termination of spousal support on a specified date are disfavored and will be overturned as an abuse of discretion 'unless the record clearly indicates that the supported spouse will be able to adequately meet his or her financial needs at the time selected for termination of jurisdiction. . . . If the record does not contain evidence of the supported spouse's ability to meet his or her future needs, the court should not 'burn its bridges' and fail to retain jurisdiction."

In spite of the fact that the trial court retained jurisdiction to continue spousal support after the five-year period, petitioner claims error for two reasons: first, she contends the evidence does not establish that she would be self-sufficient after five years; therefore, based upon the reasoning of

---

[1](See *In re Marriage of Vomacka* (1984) 36 Cal.3d 459 [204 Cal.Rptr. 568, 683 P.2d 248].)

*Vomacka, Morrison* and *Rosan,* the termination provision in the order was based on pure speculation. Second, even though petitioner can petition the court for continued spousal support before the end of the five-year period, this places the burden on her to show such need based upon a change of circumstances. She claims that the support order must be continuous, thereby placing the burden on the paying spouse to establish changed circumstances if modification is requested.

A careful reading of the cases cited by petitioner do not support her argument that there was an abuse of discretion. In *Morrison, Rosan* and *Vomacka,* the trial court's order had terminated spousal support at a future time without retaining jurisdiction for future continuances thereby eliminating the opportunity of reviewing the needs of the supported spouse at that time. In *Morrison* the court stated, at page 453, "If the record does not contain evidence of the supported spouse's ability to meet his or her future needs, the court should not 'burn its bridges' *and fail to retain jurisdiction."* (Italics added.) Civil Code section 4801, subdivision (a), stated:[2] "In any judgment decreeing the dissolution of a marriage or a legal separation of the parties, the court may order a party to pay for the support of the other party any amount, *and for any period of time,* as the court may deem just and reasonable. In making the award, the court shall consider the following circumstances of the respective parties: . . ."[3] (Italics added.)

Subdivision (d) of this section provided: "An order for payment of an allowance for the support of one of the parties shall terminate at the end of the period specified in the order and shall not be extended *unless the court in its original order retains jurisdiction."* (Italics added.) In *Vomacka, supra,* the court after citing this section states, at page 466: "This provision recodified in exact language former section 139.7 which, as we discussed in length in *In re Marriage of Morrison* [*supra*] (1978) 20 Cal.3d 437, was enacted to insure notice to the parties of a marital dissolution whether, and for what period of time, a court retains jurisdiction to make subsequent orders extending spousal support."

---

[2]The amendments to Civil Code section 4801 in 1984 do not affect this opinion.

[3]The circumstances listed in section 4801, subdivision (a), were as follows: "(1) The earning capacity of each spouse, taking into account the extent to which the supported spouse's present and future earning capacity is impaired by periods of unemployment that were incurred during the marriage to permit the supported spouse to devote time to domestic duties. [¶] (2) The needs of each party. [¶] (3) The obligations and assets, including the separate property, of each. [¶] (4) The duration of the marriage. [¶] (5) The ability of the supported spouse to engage in gainful employment without interfering with the interests of dependent children in the custody of the spouse. [¶] (6) The time required for the supported spouse to acquire appropriate education, training, and employment. [¶] (7) The age and health of the parties. [¶] (8) The standard of living of the parties. [¶] (9) Any other factors which it deems just and equitable."

The Legislature in section 4801, subdivision (a), has authorized the court to terminate spousal support at a future date if the record indicates it has considered the factors listed in section 4801, subdivision (a). We interpret subdivision (d) as further authorization for a termination date in the order if the court has complied with subdivision (a) and retained jurisdiction as the court did in our present case. *Vomacka* goes one step further and permits the court to order further spousal support even though the court did not retain jurisdiction if request for the continuance is made before the termination date.[4]

Returning to the case before us there was evidence before the court covering factors (1) through (8) of section 4801. Petitioner was already competing in the job market, was maintaining a job as an experienced secretary, and was attempting to increase her economic stability by further education. In *In re Marriage of Morrison, supra,* 20 Cal.3d at page 451, the court stated, "As noted *ante,* former section 4801, subdivision (a), which was enacted as part of the Family Law Act, did expressly direct that in determining the amount and duration of spousal support, a court was to consider the supported spouse's ability to engage in gainful employment. It certainly may be inferred that by specifically setting forth this factor, the Legislature intended that all supported spouses who were able to do so should seek employment. It also appears the Legislature expected that courts would issue orders encouraging these spouses to seek employment and to work toward becoming self-supporting. (See *In re Marriage of Rosan, supra,* 24 Cal.App.3d at p. 896; . . .) However, as with their argument on the curtailment of modification proceedings, the courts in *Patrino* [(1973) 36 Cal.App.3d 186 (111 Cal.Rptr. 367)] and *Lopez* [(1974) 38 Cal.App.3d 93 (113 Cal.Rptr. 58)] misconstrue the intent of the Legislature. They conclude that to promote such self-sufficiency, a court may set a termination date for spousal support without retaining jurisdiction to extend that date, even though the record does not indicate that the supported spouse will be financially independent at that time. This conclusion finds no support in the legislative history of section 4801, subdivision (d), or any other provision of the Family Law Act."

Petitioner's fear, that she will have the burden of proof to show changed circumstances should she seek continued spousal support, is answered in *In re Marriage of Sheridan* (1983) 140 Cal.App.3d 742, 748 [189 Cal.Rptr. 622]. The former wife, under facts similar to this case, sought continued support after a set termination date. The opinion stated: ". . . it is true that

---

[4]Although not specifically stated, we believe the court in *Vomacka* suggests it was applying its reasoning and its decision to a lengthy marriage within the guidelines considered in *In re Marriage of Morrison, supra,* 20 Cal.3d 437.

to obtain a modification it was incumbent upon former wife to demonstrate a material change in circumstances. However, she did. The circumstances at the time the original order was made were that . . . the court expected she would be self-supporting within five years. The fact is she was not, and that constituted a change in circumstances . . ."

If petitioner seeks continued support and establishes she is not self-sufficient she still must show a good faith attempt to reach such a status. "Dicta in both *Epstein* [*In re Marriage of Epstein,* 24 Cal.3d 76, 90-91] and *Morrison* [*In re Marriage of Morrison, supra,* 20 Cal.3d 437] indicate that in order for a supported spouse to carry his or her burden of showing the necessity for continued support at the time when the order drops to the jurisdictional level, he or she must make a showing of having made good faith efforts to become self-sufficient." (Adams & Sevitch, Cal. Family Law Practice (5th ed. 1984) Spousal Support, § N.73.) *In re Marriage of Sheridan, supra,* 140 Cal.App.3d 742, also cites *Morrison* and *In re Marriage of Rosan, supra,* 24 Cal.App.3d 885, for this same concept. The former wife in *Sheridan* had not prepared herself for gainful employment; therefore, the court did not grant her request for continued support. It did, however, retain jurisdiction for possible future modification.

We are satisfied the court complied with the requirements of section 4801 in drafting its order and did so with the intent to encourage petitioner to become self-supporting. It also adhered to the reasoning outlined in *Morrison* and *Vomacka* and retained jurisdiction to continue support if needed. There was no abuse of discretion.

The judgment is affirmed.

Ashby, Acting P. J., and Eagleson, J., concurred.