[No. B120546. Second Dist., Div. Five. June 10, 1999.]

In re the Marriage of STEVE D. and CAROL LAUTSBAUGH.
STEVE D. LAUTSBAUGH, Appellant, v.
CAROL LAUTSBAUGH, Respondent.

## Counsel

Law Offices of Jan Mark Dudman and Jan Mark Dudman for Appellant.

Sydney K. Ericson and Marc Edward Mitzner for Respondent.

## Opinion

**GRIGNON, J.**—Appellant Steve D. Lautsbaugh (husband) appeals from a postjudgment order of the family law court modifying a spousal support award in favor of respondent Carol Lautsbaugh (wife). Husband contends the family law court erred when it found the expected termination of child support upon graduation of the children from high school constituted a material change of circumstances justifying an increase in spousal support. We agree and reverse.

### Facts and Procedural Background

The parties were married for 20 years and were divorced in uncontested proceedings in 1992. There are two children of the marriage: Shelley, born November 21, 1976, and Kevin, born February 23, 1979. Husband was ordered to pay child support to wife in the amount of $325 per child per month until the child graduated from high school. Husband was also ordered to pay wife spousal support in the amount of $489 per month until November 30, 1997. The family law court retained jurisdiction to extend the period

of spousal support. Kevin, the youngest child, graduated from high school in June 1997.

On June 3, 1997, wife filed an order to show cause requesting an increase in spousal support, based on the change of circumstances of Kevin's graduation from high school and the concomitant termination of husband's child support obligations. Wife's income and expense declaration stated: she incurred no expenses for her children's college education; Shelley and Kevin still lived with her rent free; Shelley earned $704 per month; and Kevin earned $236 per month. Husband's responsive declaration and income and expense declaration stated he was contributing to the children's education. Both children attended community college. Wife's income had increased over the six-year period; husband's income had stayed the same.

At the hearing on the order to show cause, the family law court found the termination of child support to be a material change of circumstances and ordered husband to pay wife $739 per month spousal support commencing December 1, 1997. No termination date was set.

## DISCUSSION

 Modification of spousal support requires a material change of circumstances since the last order. (*In re Marriage of McCann* (1996) 41 Cal.App.4th 978, 982 [48 Cal.Rptr.2d 864].) A material change of circumstances may be in the form of unrealized expectations. (*In re Marriage of Beust* (1994) 23 Cal.App.4th 24, 29 [28 Cal.Rptr.2d 201].) A family law court may not find a change of circumstances, however, in the reconsideration of a circumstance which has not changed since the previous order. (*In re Marriage Farrell* (1985) 171 Cal.App.3d 695, 703 [217 Cal.Rptr. 397].) Circumstances accounted for in the previous order cannot constitute a change of circumstances. (Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 1999) ¶ 17:147, p. 17-33 .) "Appellate review of orders modifying spousal support is governed by an abuse of discretion standard, and such an abuse occurs when a court modifies a support order without substantial evidence of a material change of circumstances." (*In re Marriage of McCann, supra,* 41 Cal.App.4th. at pp. 982-983.)

 Here, the facts are not in dispute and the question on appeal may be addressed as a matter of law. In 1992, husband was ordered to pay child support until the children graduated from high school. He was also ordered to pay spousal support to a date certain. When the children graduated from high school, husband's child support obligations terminated. This termination of child support was within the expectations of the original order. That

the termination of child support occurred as expected cannot reasonably constitute a change of circumstances justifying an increase in spousal support.[1] Since no other circumstances support the modification, the order must be reversed.

The case of *McCann* does not require a different result. In *McCann*, the husband and wife agreed to a certain aggregate support level, based on the wife and children's support needs. That amount was arbitrarily allocated 50 percent to spousal support and 50 percent to child support. Subsequently, the state child support guidelines were amended and the wife sought additional child support. The husband requested a decrease in his spousal support obligation if child support were increased. The family law court increased child support as required by the guidelines and decreased spousal support. The combined support levels increased. The Court of Appeal affirmed, holding that the mandatory increase in child support constituted a change of circumstances, justifying a decrease in spousal support to conform the support obligations to the intent of the parties. The statutory change was unexpected and not within the expectations of the parties at the time of the original orders. The *McCann* situation is unlike the instant case where the circumstance that the children's graduation from high school would occasion the termination of child support was clearly within the contemplation of the original order.

## DISPOSITION

The postjudgment order modifying spousal support is reversed. The parties are to bear their own costs on appeal.

Turner, P. J., and Armstrong, J., concurred.

---

[1]Our case is to be distinguished from *In re Marriage of Catalano* (1988) 204 Cal.App.3d 543, 551-552 [251 Cal.Rptr. 370], where the Court of Appeal held that an expected *termination of spousal support* might nevertheless constitute a change of circumstances justifying an *increase in child support*. The interests of the child were deemed paramount.