[No. G013966. Fourth Dist., Div. Three. Jan. 8, 1996.]

In re the Marriage of RAYMOND C. and KATHLEEN D. McCANN.
RAYMOND C. McCANN, Respondent, v.
KATHLEEN D. McCANN, Appellant.

## COUNSEL

Heston & Heston and Richard G. Heston for Appellant.

George M. Kornievsky for Respondent.

## OPINION

**RYLAARSDAM, J.**—Kathleen D. McCann (wife) appeals from an order reducing her monthly spousal support from $1,150 to $600. The primary question presented is whether the trial court erred by considering Raymond C. McCann's (husband) increase in child support payments under the Statewide Uniform Guidelines (former Civ. Code, § 4720 et seq., now Fam. Code, § 4050 et seq.) as a factor supporting the reduction of spousal support.

### STATEMENT OF FACTS

During most of their 16-year marriage, husband served as an officer in the United States Army. His highest annual salary was slightly over $38,000. Wife worked sporadically during the marriage. The parties separated while living in Virginia. Thereafter, both moved to California, where they jointly purchased a residence using the proceeds from the sale of their Virginia home. Wife and the parties' two children live in the residence. Both parties found jobs.

In November 1991, a judgment was entered dissolving the marriage. The judgment incorporated a marital settlement agreement (MSA) which, in part, awarded the family residence to wife, and required husband to pay $2,300 per month in support, one half was designated as child support and the other half as spousal support. Husband testified the parties agreed to the $2,300 figure because it was the amount wife and children needed to continue living

in the family home. When the parties signed the MSA, husband's annual salary was $92,500 and wife's was approximately $22,800.

In July 1992, wife sought an increase in child support based primarily on the then newly enacted Statewide Uniform Guidelines. In response, husband sought a reduction of the spousal support order. When the matters were heard, husband and wife's annual salaries had increased to over $102,000 and $26,000 respectively. Husband had remarried and his second wife worked, making approximately $48,000 per year.

The trial court increased husband's monthly child support obligation to $1,832. Concerning spousal support, the trial court found husband's net disposable monthly income was $3,845, after deducting child support. Wife's net monthly income and the increased child support award gave her a net monthly disposable income of $3,593 without spousal support. Her monthly expenses amounted to $3,669, not including a prospective alternative childcare arrangement she was considering that would cost an additional $400 per month. Based on the parties' intent behind the original support order, the child support increase and the standard of living enjoyed by the parties during their marriage, the trial court reduced spousal support to $600.

## DISCUSSION

■ Wife contends the record fails to support the trial court's finding of a change in circumstances supporting a modification of spousal support. Alternatively, she claims the spousal support reduction violates equal protection because it has a disparate impact on the parties' children.

■ Modification of spousal support, even if the prior amount is established by agreement, requires a material change of circumstances since the last order. (*In re Marriage of Biderman* (1992) 5 Cal.App.4th 409, 412 [6 Cal.Rptr.2d 791]; *In re Marriage of Aninger* (1990) 220 Cal.App.3d 230, 238 [269 Cal.Rptr. 388]; *In re Marriage of Norvall* (1987) 192 Cal.App.3d 1047, 1060 [237 Cal.Rptr. 770]; *In re Marriage of Kuppinger* (1975) 48 Cal.App.3d 628, 633 [120 Cal.Rptr. 654].) Change of circumstances means a reduction or increase in the supporting spouse's ability to pay and/or an increase or decrease in the supported spouse's needs. (*In re Marriage of Hoffmeister* (1984) 161 Cal.App.3d 1163, 1173 [208 Cal.Rptr. 345]; *In re Marriage of Cobb* (1977) 68 Cal.App.3d 855, 860-861 [137 Cal.Rptr. 670].) It includes all factors affecting need and the ability to pay. (*In re Marriage of Gavron* (1988) 203 Cal.App.3d 705, 710 [250 Cal.Rptr. 148].) Appellate review of orders modifying spousal support is governed by an abuse of discretion

standard, and such an abuse occurs when a court modifies a support order without substantial evidence of a material change of circumstances. (*In re Marriage of Biderman, supra,* 5 Cal.App.4th at p. 412; *In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 480 [274 Cal.Rptr. 911]; *In re Marriage of Aninger, supra,* 220 Cal.App.3d at pp. 237-238.)

■ The record supports the trial court's decision. Contrary to wife's claim, there was evidence on how the parties calculated the original monthly support level. Husband testified $2,300 per month was the amount they concluded wife and children would need to remain in the home jointly acquired after separating. The subsequent enactment of the Statewide Uniform Guidelines dramatically increased husband's child support obligation, a change the parties had not contemplated when they executed the MSA. Thus, the trial court's ruling gave effect to the intent and expectations of the parties' original agreement. (*In re Marriage of Aninger, supra,* 220 Cal.App.3d at pp. 238-239.)

Wife also testified she had refinanced the house, thereby reducing her monthly mortgage payment by $300. Furthermore, she collaterally benefited by receiving nearly $700 more each month in nontaxable income while having her monthly taxable income reduced by $550. Even with the spousal support reduction, wife received a net increase of $132 per month in support from husband. Although wife was considering a more costly childcare arrangement, the trial court noted, the proposed arrangement would only increase wife's monthly expenses to slightly over $4,000 while her monthly disposable income even with the reduced spousal support amounted to almost $4,200.

■ Wife contends husband's increased child support obligation is not a proper factor to consider in modifying spousal support. While a change in the law concerning the parties' property rights will not sustain a modification of spousal support (*In re Marriage of Cobb, supra,* 68 Cal.App.3d at p. 860), property rights are treated differently than support issues. (*Tarvin v. Tarvin* (1986) 187 Cal.App.3d 56, 60 [232 Cal.Rptr. 13]; *In re Marriage of Farrell* (1985) 171 Cal.App.3d 695, 702 [217 Cal.Rptr. 397]; see also *In re Marriage of Brown* (1976) 15 Cal.3d 838, 848 [126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164].) The present case involves an increase in child support mandated by the Statewide Uniform Guidelines, not a division of property interests. It has been suggested that, since the new guidelines frequently leave the payor spouse with little income to pay spousal support, the Legislature may have intended to employ the guidelines to "equalize the standards of living of the parents making spousal support unnecessary,

except in high income cases." (*In re Marriage of Fini* (1994) 26 Cal.App.4th 1033, 1043, fn. 11 [31 Cal.Rptr.2d 749]; see also *In re Marriage of Carter* (1994) 26 Cal.App.4th 1024, 1030 [33 Cal.Rptr.2d 1].)

Furthermore, wife's argument fails to recognize the circumstances of this case. Spousal support must bear some relationship to the parties' standard of living during the marriage. (Former Civ. Code, § 4801, subd. (a), now Fam. Code, § 4330; *In re Marriage of Hoffmeister* (1987) 191 Cal.App.3d 351, 363 [236 Cal.Rptr. 543].) Here, the parties agreed to an overall support level which would permit wife and children to continue living in the same home. Since they equally divided the agreed-upon figure between child and spousal support, the original spousal support award far exceeded the amount wife would have been entitled to receive based on the parties' income during marriage. Wife's request for an increase in child support based on the Statewide Uniform Guidelines upset this calculation.

Without any citation to the record, wife claims the trial court erroneously deducted husband's current spousal support payment in calculating his net disposable income for child support. This contention misstates the record. The trial judge gave an on-the-record explanation of how he calculated husband's modified child support obligation and there was no mention of a deduction for the spousal support husband was paying to wife.

Wife next suggests the trial court's ruling is erroneous because husband's ability to pay support has increased since their marriage was dissolved. But this fact alone will not bar a reduction in spousal support if the circumstances of the case otherwise permit. "Adults who separate and dissolve their marriage do so with eyes open, each choosing a separate course and appreciating the possibility that the other will go on to attain a far more comfortable standard of living. Limiting increases in spousal support to the supported spouse's living standards during marriage justifiably holds the supported spouse to those expectations." (*In re Marriage of Catalano* (1988) 204 Cal.App.3d 543, 551 [251 Cal.Rptr. 370].) Wife admitted her standard of living in California had not changed from what it was in Virginia.

Finally, wife contends the spousal support modification reduced custodial household income and thus constituted a violation of the children's right to equal protection of the law. We disagree. As noted, husband's combined support for wife and the children *increased* from $2,300 to $2,432. His modified child support obligation is based on his current income. This amount would remain the same regardless of whether his spousal support was increased, decreased, unmodified or eliminated.

The judgment is affirmed. Husband shall recover his costs on appeal.

Sills, P. J., and Wallin, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 11, 1996.