Filed 9/27/13  Marriage of Foscalina CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

|  |  |
|---|---|
| In re the Marriage of JOEL J. and BRIDGETT L. FOSCALINA. | |
| JOEL J. FOSCALINA,<br><br>  Appellant,<br><br>  v.<br><br>BRIDGETT L. FOSCALINA,<br><br>  Respondent. | C072148<br><br>(Super. Ct. No. FL63924) |

        Appellant Joel J. Foscalina appeals from two trial court orders, an order denying his motion for spousal support and an order denying his motions to compel and for reconsideration.  Finding none of his claims to have merit, we affirm.

1

BACKGROUND

In December 2011, Joel filed a postjudgment motion for spousal support. In support of his motion, Joel filed a current income and expense declaration and argued there had been "several changes in circumstances" since his last motion for spousal support. Joel said he was unemployed, living in his car, and had no income. Joel also said he was on the "out-of-work list" with the carpenters' union and was getting financial support from his parents. In Joel's estimation, respondent Bridgett L. Foscalina, had a greater ability to earn money than he did based on her training and experience as an x-ray technician, and she was no longer supporting their adult son.

At the hearing on Joel's motion, the trial court reminded the parties that the hearing on Joel's motion was set "only to give each party the opportunity to cross-examine on income and expense information." The court also told Joel that the court was not required to take oral testimony but could, in its discretion, take the matter under submission based solely on the written evidence and arguments. Joel then proceeded to testify about his unsuccessful efforts to find employment. In response to the court's questioning, Joel acknowledged that he also was not working when he previously moved for spousal support in August 2011.

Bridgett also testified. Bridgett advised the trial court that, physically, she could no longer work as an x-ray technician, she lacked the stamina required to do the job. Bridgett was, however, working and making $18 an hour.

After hearing the parties' testimony and considering the income and expense declarations on file the trial court found there had been no change of circumstances since judgment was entered in September 2011. The court based its decision on the fact that Joel was not working when the judgment was entered in September 2011 and he was not working at the time of the hearing. The court also noted that, according to the evidence, Joel had not even begun looking for work until March 8, 2012, only a month before the

2

hearing. The court "would require a much longer history than that and be convinced that jobs are just not available."

The trial court further ruled that Joel had an obligation to find any available work, not just work in Joel's field of expertise. The court "would need to be convinced that there are no minimum wage jobs out there at McDonald's, Burger King, or anywhere else, where [Joel] could work." Accordingly, the court denied Joel's motion.

On May 22, 2012, Joel filed a motion for reconsideration of the court's April 16, 2012, order denying his motion for spousal support. In support of his motion, Joel argued: (1) the trial court failed to consider Family Code section 4320 factors in denying his motion; (2) the court erroneously considered Bridgett's late filed written evidence; and (3) the court erred in limiting his oral evidence to testimony regarding the income and expense declarations.

On June 8, 2012, Joel filed a motion to compel Bridgett to produce her employment records for 2011 and 2012, as well as her most recently filed income tax returns. Joel argued that he needed this information "to show good cause for spousal support motion." That same day, Joel filed another motion to reconsider the court's prior order. In support of his motion, Joel filed the same declaration he filed in support of his May 22, 2012, motion for reconsideration. This second motion, apparently, was filed to correct a service problem with the May 22, 2012 motion.

The trial court heard Joel's motions on July 16, 2012. The court found Joel's proof of service on the motion to compel to be defective and denied his motion accordingly. The court advised Joel that his motion for reconsideration may be untimely because it was more than 10 days after the hearing ended. The court nevertheless considered the merits of Joel's motion because no formal order had ever been prepared or delivered to set the time running on a motion for reconsideration.

In ruling on the merits of Joel's motion for reconsideration, the trial court found Joel failed to provide any new law or facts to warrant reconsideration of the prior order.

3

The court also found that the April 16, 2012, ruling was supported by the record: "Judge Murray made it clear that with regard to the change in circumstances he didn't find there was a change in circumstances. I can't speak for him, but in reviewing this because he is unavailable I did note that your income had gone down from the original Income & Expense declaration that apparently Judge Scheuler used at the time of trial but so did [Bridgett's] income. And, they were basically the same as far as a decrease." Accordingly, the court denied the motion for reconsideration.

Joel appeals.

DISCUSSION

A. *The Order Denying Joel's Motion for Reconsideration*

An order denying a motion for reconsideration is not an appealable order. (Code of Civ. Proc., § 904.1.) Accordingly, Joel's appeal from that order is dismissed.

B. *The Order Denying Joel's Motion To Compel Production of Documents*

The trial court ruled that the proof of service accompanying Joel's motion to compel Bridgett to produce financial documents was defective because there was no "date of deposit" listed to indicate when Joel put the motion in the mail.

To effect proper service of a motion, the statutory requirements must be met. (*Silver v. McNamee* (1999) 69 Cal.App.4th 269, 279.) Code of Civil Procedure section 1013a requires a proof of service include, among other things, "the date and place of deposit in the mail, the name and address of the person served as shown on the envelope, and also showing that the envelope was sealed and deposited in the mail with the postage thereon fully prepaid." Here, as noted by the trial court, Joel's proof of service did not include a date of deposit. Accordingly, Joel failed to perfect service of his motion.

We affirm the trial court's ruling.

C. *The Order Denying Joel's Motion for Spousal Support*

Joel raises several issues regarding his motion for spousal support. Joel first contends the trial court denied him due process by preventing him from submitting "*any*

4

additional evidence" in support of his motion. The record does not support Joel's contention.

Prior to the April 2012 hearing, both parties submitted current income and expense declarations. At the April 2012 hearing, the trial court permitted both sides to conduct direct and cross examinations, but noted its prior limitation on evidence: "The hearing will be only to give each party the opportunity to cross-examine on income and expense information." Joel was permitted to cross-examine Bridgett and, contrary to his claim on appeal, he was permitted to recite each of the jobs for which he had submitted applications prior to the hearing. Accordingly, Joel *was* permitted to submit evidence in support of his motion.

To the extent Joel is claiming the trial court should have permitted him to submit *more* evidence, that claim fails as well. "Trial courts are afforded discretion to work within existing guidelines to determine the admissibility of evidence. [Citation.] The reviewing court will not disturb their findings absent an ' " ' "arbitrary, capricious, or patently absurd determination. . . ." ' " ' [Citation.]" (*In re Nada R.* (2001) 89 Cal.App.4th 1166, 1176.) We conclude it is not "arbitrary, capricious, or patently absurd" to limit the admissible evidence on a motion for spousal support to evidence related to the parties' income and expense declarations.

Joel further contends the trial court failed to reconsider the Family Code section 4320 factors in denying his motion for support. Again, the record does not support Joel's contention.

"Modification of spousal support, even if the prior amount is established by agreement, requires a material change of circumstances since the last order. [Citations.] Change of circumstances means a reduction or increase in the supporting spouse's ability to pay and/or an increase or decrease in the supported spouse's needs. [Citations.] It includes all factors affecting need and the ability to pay. [Citation.]" (*In re Marriage of McCann* (1996) 41 Cal.App.4th 978, 982.) "A trial court considering whether to modify

5

a spousal support order considers the same criteria set forth in Family Code section 4320 as it considered in making the initial order.  [Citation.]"[1]  (*In re Marriage of West* (2007) 152 Cal.App.4th 240, 247.)

---

[1]     Family Code section 4320 states:  "In ordering spousal support under this part, the court shall consider all of the following circumstances:

"(a) The extent to which the earning capacity of each party is sufficient to maintain the standard of living established during the marriage, taking into account all of the following:

"(1) The marketable skills of the supported party; the job market for those skills; the time and expenses required for the supported party to acquire the appropriate education or training to develop those skills; and the possible need for retraining or education to acquire other, more marketable skills or employment.

"(2) The extent to which the supported party's present or future earning capacity is impaired by periods of unemployment that were incurred during the marriage to permit the supported party to devote time to domestic duties.

"(b) The extent to which the supported party contributed to the attainment of an education, training, a career position, or a license by the supporting party.

"(c) The ability of the supporting party to pay spousal support, taking into account the supporting party's earning capacity, earned and unearned income, assets, and standard of living.

"(d) The needs of each party based on the standard of living established during the marriage.

"(e) The obligations and assets, including the separate property, of each party.

"(f) The duration of the marriage.

"(g) The ability of the supported party to engage in gainful employment without unduly interfering with the interests of dependent children in the custody of the party.

"(h) The age and health of the parties.  [¶]  . . .  [¶]

"(j) The immediate and specific tax consequences to each party.

"(k) The balance of the hardships to each party.

Here, the trial court found there was no change of circumstances from the judgment to the date of the hearing on Joel's motion. In reaching its decision, the trial court noted that Joel was not working at the time of judgment and still was not working. The court also noted that Joel had not even begun to look for work until just before the hearing and even then Joel limited his job search to jobs related to his trade. Therefore, the court was not persuaded that Joel's failure to get a job in between the judgment and the hearing was evidence that jobs were not available to Joel.

Thus, while the court did not expressly refer to the Family Code section 4320 factors, we can see from the statements made by the court that the court's decision was not made without due consideration of the relevant facts. Indeed, absent evidence to the contrary, we must presume the court followed the law and performed its duty. (See Evid. Code, § 664 [it is presumed that official duty has been regularly performed]; see also *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583 [we must adopt all inferences in favor of the judgment].) Accordingly, we find no error.

---

"(*l*) The goal that the supported party shall be self-supporting within a reasonable period of time. Except in the case of a marriage of long duration as described in Section 4336, a 'reasonable period of time' for purposes of this section generally shall be one-half the length of the marriage. However, nothing in this section is intended to limit the court's discretion to order support for a greater or lesser length of time, based on any of the other factors listed in this section, Section 4336, and the circumstances of the parties. [¶] . . . [¶]

"(n) Any other factors the court determines are just and equitable."

DISPOSITION

The orders of the trial court are affirmed.  Costs on appeal, if any, are awarded to Bridgett L. Foscalina.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


        NICHOLSON       , J.


We concur:


      BLEASE      , Acting P. J.


      MAURO      , J.