Filed 6/30/14  Marriage of Van't Rood and Thompson CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of RICHARD VAN'T ROOD and JENNIFER THOMPSON. | H039254 <br> (Santa Cruz County <br> Super. Ct. No. FL032131) |
| RICHARD VAN'T ROOD, <br><br> Appellant, <br><br> v. <br><br> JENNIFER THOMPSON, <br><br> Respondent. | |

Appellant Richard van't Rood challenges a post dissolution order denying his request for spousal support modification.  Finding no abuse of discretion, we will affirm the order.

## I.  TRIAL COURT PROCEEDINGS

On July 24, 2012, on reserved issues in a marital dissolution proceeding, the trial court entered a judgment on spousal support and property division pursuant to the parties' agreement.  The agreement provided that appellant pay respondent $1,942 per month spousal support, with that sum never to increase.  The agreement further provided: "Spousal support shall be reviewed on October 4, 2012 in the above-mentioned Court. The parties shall exchange Income and Expense Declarations by September 21, 2012.  At the review on October 4, 2012 the Court shall use a DissoMaster calculation for spousal

support. There shall not be a [Family Code section] 4320 analysis at that time. The Court may hear a 4320 Motion after October 4, 2012, to further review spousal support." The agreement further provided that "support shall continue until remarriage of wife, death of either party, further order of the Court or March 31, 2020 at which time the Court's jurisdiction to award spousal support to either party shall terminate."[1]

In September 2012, the parties filed income and expense declarations. Respondent appeared pro per at the October 4, 2012 review hearing at which time the court ordered the $1,942 monthly spousal support to remain in effect. According to the minute order, appellant was not present at the hearing and was later advised of the order made in his absence.

On November 15, 2012, appellant filed a request to modify spousal support, supported by an income and expense declaration, a memorandum of points and authorities, and a declaration. Appellant explained that the motion was intended to establish a marital standard of living "at less than $1,942 per month." Appellant claimed that respondent had a monthly earning capacity of $3,000 to $5,000, and at least $3,000 in monthly income should be imputed to respondent because she was not making a reasonable effort to find work. Appellant asked the court to terminate or modify the existing order, but he made no claim that there had been any change in circumstances since issuance of the last spousal support order.

Respondent opposed the request, setting forth by declaration her efforts to seek and maintain employment, her inability at times to cover her expenses without borrowing money, her $7,500 indebtedness to her former attorney, and the burden of responding to the ongoing litigation as a layperson. Respondent asked the court "to maintain the

---

[1] Respondent was represented by counsel through the settlement process. She represented herself in the later spousal support review and modification proceedings. Appellant is a practicing California attorney who represented himself in the trial court, and continues to do so on appeal.

2

curr[e]nt spousal support agreement at least for the next year so she can focus on increasing her income, consider re-education and ultimately become self sufficient."

Both parties appeared pro per at the December 14, 2012 hearing on appellant's modification request, which was denied. In an order filed January 10, 2013, the court found that respondent had reasonably tried to obtain employment. The court also found that it had conducted a full hearing on spousal support on October 4, 2012, and the parties had agreed to a fixed amount of spousal support in the July 24, 2012 stipulated judgment. The court denied appellant's request for findings as to the marital standard of living under Family Code section 4320[2] because there had been "no showing of any change in any material circumstances since [the] last hearing or entry of judgment." Finally, the court barred appellant from filing a new motion for spousal support modification until June 30, 2014. Appellant timely appeals from the January 10, 2013 order.

## II. LEGAL PRINCIPLES

Section 4330 authorizes the court to order "just and reasonable" spousal support "based on the standard of living established during the marriage," taking into consideration the circumstances listed in section 4320. Section 4320 sets forth several factors the court must consider and weigh in exercising its discretion to award spousal support. (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 303–304.) Two factors reference the standard of living established during the marriage. Section 4320, subdivision (a) requires the court to consider "[t]he extent to which the earning capacity of each party is sufficient to maintain the standard of living established during the marriage," and section 4320, subdivision (d) requires consideration of "[t]he needs of each party based on the standard of living established during the marriage." Section 4332 requires the trial court, in a dissolution proceeding, to "make specific factual findings with respect to the standard of living during the marriage."

_____

[2] All further statutory references are to the Family Code.

3

The Family Code also provides for modification and termination of spousal support. Section 4336, subdivision (c) provides for the trial court, in the exercise of its discretion, to terminate spousal support "on a showing of changed circumstances." Likewise, section 3651, subdivision (a) provides for modification or termination of support "at any time as the court determines to be necessary." A request for spousal support modification "may only be granted if there has been a material change of circumstances since the last order." (*In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 480.) Otherwise, a modification request "is nothing more than an impermissible collateral attack on a prior final order." (*Ibid.*)

A material change in circumstances mean a change in the supporting spouse's ability to pay or a change in the supported spouse's financial need. (*In re Marriage of Smith*, *supra*, 225 Cal.App.3d at p. 482; *In re Marriage of McMann* (1996) 41 Cal.App.4th 978, 982.) A motion to modify a spousal support order necessitates a comparison of the financial information underlying the existing support order with the most recent financial information relevant to a new support order. (*In re Marriage of Tydlaska* (2003) 114 Cal.App.4th 572, 575–576.) Even if a support order is established by agreement, modification of spousal support requires a material change in circumstances since that order. (*McMann* at p. 982.)

We review orders modifying spousal support for an abuse of discretion. (*In re Marriage of McCann*, *supra*, 41 Cal.App.4th at pp. 982–983.) "So long as the court exercised its discretion along legal lines, its decision will not be reversed on appeal if there is substantial evidence to support it." (*In re Marriage of Smith*, *supra*, 225 Cal.App.3d at p. 480.) In reviewing for substantial evidence, we look to the evidence supporting the order, and we indulge in all legitimate and reasonable inferences to uphold the trial court's decision. (*Munoz v. Olin* (1979) 24 Cal.3d 629, 635–636; *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)

4

A.    SECTION 4320 REVIEW

Appellant argues that the trial court erred by denying his request to modify support without engaging in a review of the section 4320 factors.  Appellant argues that the settlement agreement provided for either party to request a "[s]ection 4320 analysis" after October 4, 2012.  According to appellant, the agreement requires the trial court to conduct a new analysis of all section 4320 factors before it can deny a modification request based on the absence of changed circumstances.[3]  We do not share appellant's view of the parties' agreement.  (*In re Marriage of Smith* (2007) 148 Cal.App.4th 1115, 1120 [the appellate court independently determines the meaning of a stipulated judgment to give effect to the document's purpose].)

The agreement provides that "[t]he Court may hear a 4320 Motion after October 4, 2012, to further review spousal support." The agreement does not specify that the court *shall* make findings under section 4320 after October 4, 2012 at the request of a party, without regard to any material change in circumstances.  Nor is there any indication in either the handwritten notes prepared by respondent's counsel or the minute order memorializing the settlement negotiations in April 2012 that the court would partake in a post-October 4 comprehensive section 4320 analysis at the behest of either party without a showing of changed circumstances.  The notes are silent as to any support review mechanism after the October 4, 2012 review, and the minute order actually provides for modification only "by a financial change of circumstance."

Paragraph 6 of appellant's proposed settlement order reads:  "Petitioner may seek a review of spousal support at any time as provided by law under Family Code section 4300, et seq. except that the court shall not hear a Family Code Section 4320 hearing before October 4, 2012."  Although the court did not adopt appellant's proposed order,

---

[3] No respondent's brief was filed in this case.

and the record indicates that the court ordered respondent's counsel to correct respondent's proposed judgment only "to reflect that the sum of spousal support cannot increase," the final executed agreement added the language that "[t]he court may hear a 4320 Motion after October 4, 2012, to further review spousal support."

In light of appellant's documented understanding of the settlement terms—that he may seek review of spousal support "as provided by law"—the settlement agreement did not impose any requirement on the court to engage in a 4320 analysis above and beyond what the law requires as part of a request to modify support. Although the parties stipulated to support without identifying a marital standard of living, the law does not entitle appellant to a post-judgment marital standard of living determination—at least not without a change of circumstances showing to support a modification request. (*In re Marriage of Smith*, *supra*, 225 Cal.App.3d at p. 480.) In our view, the law referenced in the agreement does not require the trial court to engage in an exhaustive section 4320 review, much less make a marital standard of living determination, when the moving party has failed to make a prima facie showing of changed circumstances. Here, it is undisputed that appellant did not meet his burden to show a material change of circumstances. Appellant's motion was not based on any changed circumstances, but rather sought a marital standard determination. Accordingly, we find no abuse of discretion in the trial court's denial of appellant's request to modify spousal support.

**B.     THE "FIXED AMOUNT" REFERENCE**

Appellant argues that we should reverse the trial court's finding that the amount of spousal support is " 'fixed' " because the amount of support can be reduced based on changed financial circumstances, death of either party, or if respondent remarries. We find no abuse of discretion in the trial court's characterization of the existing support amount as "fixed." The record leaves no doubt that (1) the reference to "fixed" was another way of saying that the parties had "set" the amount of support in the settlement agreement, and (2) the trial court understands that support may be modified downward.

6

**C.      THE 18-MONTH HIATUS**

Appellant claims that the court, on its own initiative, barred him from filing any motions to reduce spousal support for 18 months, and that the court abused its discretion because "all spousal support orders are modifiable except where the parties have specifically agreed to the contrary . . . ." While we do not have the benefit of a reporter's transcript, the court's order appears to relate to respondent's express request to maintain the current spousal support for at least a year so she could focus on increasing her income with the goal of becoming self sufficient.

The trial court's order is supported by substantial evidence in the record. The court had recently confirmed a monthly spousal support award of $1,942; respondent had recently been diagnosed with thyroid disease, adrenal fatigue, and depression; she had been working multiple part-time jobs; and the demands of another modification request interfered with her efforts to become self sufficient. The trial court was within its rights to provide respondent " ' "with some degree of certainty . . . in reliance upon the finality" ' " of the October 4, 2012 support order through June 2014. (*In re Marriage of Smith*, *supra*, 225 Cal.App.3d at p. 480.)

## IV.  DISPOSITION

The January 10, 2013 order is affirmed.

_____
Grover, J.


**WE CONCUR:**


_____
Manoukian, Acting P.J.


_____
Mihara, J.