Filed 3/16/15  Marriage of Lien CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of ERIN and BENJAMIN H. LIEN.  ERIN LIEN,  Respondent,  v.  BENJAMIN H. LIEN,  Appellant. | D064825  (Super. Ct. No. DS50674) |

APPEAL from an order of the Superior Court of San Diego County, Esteban Hernández, Judge.  Affirmed.

Dunne & Dunne and Anthony J. Dunne for Appellant.

Stephen Temko and Dennis Temko for Respondent.

Benjamin Lien (Husband) appeals from an order of the superior court denying his request for an order to modify his spousal support obligation to former wife, Erin Lien (Wife).  We affirm.

I.

BACKGROUND FACTS AND PROCEDURE

Husband and Wife were married in September 1996, separated 11 years later in September 2007 without any children, and Wife filed for dissolution of the marriage in October 2007.

In preparation for a mandatory settlement conference, in March 2009 Husband filed an income and expense declaration (2009 I&E), which disclosed in relevant part that he was a naval flight officer stationed in Missouri with an average monthly income of $8,578 and average monthly expenses of $6,182.[1] In Wife's March 2009 settlement conference statement, Wife submitted the unsworn statements that she was a student in Indiana and that the parties agreed she had an average gross monthly income of $800.[2] The parties settled all of their disputes, as evidenced by a 14-page marital settlement agreement (MSA) signed by the parties and their attorneys in April 2009.

As relevant to this appeal, the parties agreed as follows with respect to spousal support:

"10.    SPOUSAL SUPPORT.  The parties are presently both in good
health, and neither has any known illness, disability or physical condition
which renders either incapable of gainful employment or makes either
subject to extraordinary medical or dental expenditures in the near future.
Husband shall pay to Wife the sum of $2,700.00 (two thousand seven
hundred dollars) per month, as and for spousal support, for a period of six

---

[1]    Throughout this opinion, we have rounded off to the nearest dollar.

[2]    Wife's settlement conference statement refers to an attached income and expense declaration of Wife, but it is not included in the record on appeal.

2

year[s], based on the following facts:  Husband is employed as a pilot. Wife ended her business in California, and moved out of state with the stated purpose of attending school full time to complete her bachelor's degree.  Wife will apply for admission to Veterinary school.  The Court will retain jurisdiction over the issue of spousal support."

By judgment filed April 29, 2009, the court dissolved the parties' marriage and inter alia ordered spousal support pursuant the MSA, a copy of which was attached.[3]

In May 2013, Husband filed a request for an order (RFO) to terminate or modify the spousal support ordered in the judgment and included a spousal support declaration and income and expense declaration (2013 I&E).  As relevant to this appeal, Husband testified to the following circumstances that he contended had changed since the April 2009 judgment:  Husband has remarried; Husband and his wife have a child; Husband has monthly child care expenses of approximately $420; Husband was transferred from Missouri and now lives in San Diego where his monthly housing costs are approximately $850 higher; Husband began repaying his student loan, requiring a monthly payment of $626; Husband understands that Wife is now working;[4] and Wife received a long-outstanding one-time payment of over $13,000.

At the hearing on July 23, 2013, the court expressed its tentative view that the circumstances had not materially changed since the judgment, because most of what

_____

[3]     The judgment was entered by the Superior Court of Kern County.  Following Husband's request, which Wife opposed, venue was transferred to the Superior Court of San Diego County in January 2013.

[4]     Husband also submitted exhibits that he contended demonstrated Wife's "potential income" if she were employed, although Husband never asked the court to impute income to Wife.

Husband presented as changed circumstances had, in fact, been contemplated by the parties at the time they signed the MSA.[5] Husband's attorney emphasized (1) the length of time Husband had already been paying support, including temporary support prior to the judgment; (2) Husband's new family obligations; and (3) the additional cost to Husband in residing in San Diego. Wife, who lived in Indiana, had retained counsel only the day before the noticed hearing;[6] counsel made an offer of proof as to Wife's current employment status[7] and requested additional time to prepare and file responsive pleadings if the court was not going to deny Husband's RFO.

The court denied Husband's RFO, finding in a written minute order that Husband had not met his burden of establishing a sufficiently material change in circumstances.

Husband timely appealed from the July 23, 2013 minute order (Order).

---

[5] The court recognized that the one-time $13,000 payment to Wife had not been contemplated by the parties in 2009.

[6] Wife's former attorney was in Kern County, where the action had been on file from October 2007 until the change of venue in January 2013. Wife's new attorney in San Diego filed the substitution of attorneys form at the hearing.

[7] According to counsel, Wife was still a full-time undergraduate student at Indiana University, planning to attend veterinary school upon graduation and working part time at an hourly wage of $9.50.

II.

DISCUSSION

On appeal, Husband argues that the court erred in failing to expressly consider the Family Code section 4320[8] factors[9] in determining that Husband had not established a material change in circumstances. We disagree. Because substantial evidence supports the court's finding (that Husband had not established a material change in circumstances), the court did not abuse its discretion in denying Husband's RFO.

A.       *Appellate Review of Proceedings Seeking Modification of Spousal Support*

Section 3651 provides that, with specified exceptions not applicable here, "a support order may be modified or terminated at any time as the court determines to be necessary." (*Id*., subd. (a).)

Since " '[a]n order for spousal support must be based on the facts and circumstances existing at the time the order is made[,]' . . . 'a modification order must be based on *current* facts and circumstances.' " (*In re Marriage of Tydlaska* (2003) 114 Cal.App.4th 572, 575, citations omitted and italics added (*Tydlaska*).) The current facts and circumstances must be presented, because "[m]odification of spousal support, even if

---

8       All further undesignated statutory references are to the Family Code.

9       Section 4320 has 14 subparts, each of which "the court shall consider" in ordering permanent spousal support. (*Ibid*.) Likewise, "[i]n determining whether a change of circumstances has occurred, the trial court is required to reconsider the same standards and criteria set forth in . . . section 4320 it considered in making the initial long-term order at the time of judgment . . . ." (*In re Marriage of Stephenson* (1995) 39 Cal.App.4th 71, 77-78, fn. omitted (*Stephenson*).)

the prior amount is established by agreement, requires a material change of circumstances since the last order." (*In re Marriage of McCann* (1996) 41 Cal.App.4th 978, 982 (*McCann*).) " 'Otherwise, dissolution cases would have no finality and unhappy former spouses could bring repeated actions for modification with no burden of showing a justification to change the order. . . . Absent a change of circumstances, a motion for modification is nothing more than an impermissible collateral attack on a prior final order.' " (*In re Marriage of Khera and Sameer* (2012) 206 Cal.App.4th 1467, 1479 (*Khera and Sameer*).) Where a stipulated support judgment is based on expressed expectations of future events, the occurrence of those events cannot constitute a material change of circumstances. (*In re Marriage of Dietz* (2009) 176 Cal.App.4th 387, 396 (*Dietz*).)

As particularly applicable here, "[t]he moving party bears the burden of establishing a material change of circumstances since the last order was made in order to obtain modification of the spousal support order." (*Stephenson*, *supra*, 39 Cal.App.4th at p. 77; see *Tydlaska*, *supra*, 114 Cal.App.4th at p. 576 [in spousal support modification proceedings, husband "was required to present the trial court with evidence of how his circumstances had materially changed since the original support order was made"].)

We review for an abuse of discretion the trial court's decision that the evidence was insufficient to show a material change of circumstances for purposes of considering a modification of spousal support. (*Khera and Sameer*, *supra*, 206 Cal.App.4th at p. 1483.) "In exercising its discretion the trial court must follow established legal principles and base its findings on substantial evidence. If the trial court conforms to these requirements

6

its order will be upheld whether or not the appellate court agrees with it or would make the same order if it were a trial court." (*In re Marriage of Schmir* (2005) 134 Cal.App.4th 43, 47, fn. omitted; see *Denham v. Superior Court* (1970) 2 Cal.3d 557, 566 (*Denham*) ["a reviewing court should not disturb the exercise of a trial court's discretion unless it appears that there has been a miscarriage of justice"].)

As in all appeals, we presume the Order is correct, and Husband (as the appellant) must affirmatively show prejudicial error. (*Denham*, *supra*, 2 Cal.3d at p. 564.)

B.     *Husband Has Not Met His Burden of Establishing the Trial Court Abused Its Discretion*

The only abuse of discretion asserted by Husband is that the trial court did not consider the section 4320 factors before determining that there had not been a material change of circumstances. More specifically, Husband argues that the trial court erred in denying the RFO "without taking any evidence into consideration at the hearing and never even requir[ing Wife] to file a responsive pleading or opposition." We disagree. The record does not support Husband's claim that the court failed to consider the evidence presented, and there was no need to require Wife to file an opposition because Husband did not meet his burden of presenting sufficient evidence of a prima facie case of changed circumstances.

The entirety of the court's ruling is: "The Court does not find a material change of circumstances." From this ruling, Husband suggests the court did not consider the evidence he presented. To the contrary, the evidence Husband presented fully supports the ruling made. We begin with the understanding that, for purposes of modifying

7

support, a "[c]hange of circumstances means a reduction or increase in the supporting spouse's ability to pay and/or an increase or decrease in the supported spouse's needs." (*McCann*, *supra*, 41 Cal.App.4th at p. 982.)  The supporting party's ability to pay and the supported spouse's needs, of course, are among the factors the court is required to consider under section 4320.  (*Id*., subds. (c), (d).)

At the time of the permanent spousal support order in 2009,[10] Husband's average monthly income was $8,578, and Husband's average monthly expenses were $6,182 — leaving Husband with net expendable income of $2,396.[11]  In support of his RFO in 2013, Husband's average monthly income was $11,197, and Husband's average monthly expenses were $7,834 — leaving Husband with net expendable income of $3,363.[12] Thus, in 2013, even considering Husband's obligations associated with his new family in San Diego and the repayment of his student loan, Husband had on average $976 more in monthly income than he had in 2009.

---

[10]  " 'The court, by including the stipulation [regarding spousal support] in its own decree, presumes that the parties arrived at a fair support award, after arm's-length negotiations, that took into consideration all of the circumstances as they then existed.' " (*Khera and Sameer*, *supra*, 206 Cal.App.4th at p. 1484.)  Indeed, any suggestion otherwise would be an unacceptable collateral attack on a final judgment.  (*Id*. at pp. 1479, 1484.)

[11]  In his 2009 I&E, Husband testified to average monthly salary or wages of $6,678, "[o]ther" income of $1,856 and dividends/interest of $44.  (Because we are looking at average monthly figures, this income does not include a one-time payment for "[f]light pay" he received during the prior 12 months.)  In his 2009 I&E, Husband testified to average monthly expenses of $6,582 with $400 paid by others.

[12]  In his 2013 I&E, Husband testified to average monthly salary or wages of $8,123 and "[o]ther" income of $3,074 and average monthly expenses of $7,834.

There is no requirement that the court credit what Husband testified was "a one-time payment of over $13,000 to [Wife] this year" or Husband's unsubstantiated testimony that his "routine monthly expenses exceed[ed] his income after taxes and deductions." The consideration on appeal is not whether there is evidence in the record to support a *different* finding, but whether there is evidence that, if believed, would support the trier of fact's finding. (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 872-873.) Because we accept as true all evidence in support of the Order and discard contrary evidence as unaccepted by the trial court (*Estate of Teel* (1944) 25 Cal.2d 520, 527), even uncontradicted evidence in favor of Husband does not establish the fact for which Husband submitted the evidence (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 890). Given the standard of review we must apply, the evidence of Husband's average monthly net income alone is sufficiently substantial to support the finding that Husband did not meet his burden of establishing a material change of circumstances.

Husband's focus on Wife's work and his transfer to San Diego are misdirected. Because these factors are expressly stated in the parties' 2009 stipulation for support, none is a changed circumstance that will support a modification in 2013.[13] (*Dietz*, *supra*, 176 Cal.App.4th at p. 396 [where the stipulated judgment providing for spousal support also took into consideration wife's receipt of half the community property interest in retirement accounts, which the parties expressly acknowledged might fluctuate with

---

[13] Likewise, the court's failure to mention Husband's payment of temporary support prior to the 2009 judgment is not a concern, since the issue is the change of circumstances between the time of the existing award (in the April 2009 judgment based on the MSA) and the time Husband requested the modification (in the May 2013 RFO).

market conditions, neither wife's reaching retirement age when she could make penalty-free withdrawals nor the increase in the values of retirement accounts amounted to a material change of circumstances warranting a reduction in support].) Husband argues that, in determining the amount of the stipulated support, the parties contemplated that he would be living in Missouri. To the contrary, the MSA does not mention Missouri, but does provide for six years of future support payments while *expressly* mentioning living in California, owning real property in California, pendency of the dissolution action in California, Wife leaving California to attend college full time and veterinary school thereafter, and Husband working as a pilot (from which the court could have inferred he might be transferred).

To the extent Husband's objection is that the court failed to make sufficient findings — as to either Husband's net income (i.e., ability to pay) or other section 4320 factors — Husband forfeited any right to such findings by failing to have requested them. Pursuant to section 3654,[14] Husband could have, but did not, request a statement of decision, arguably entitling him to the detailed findings he now contends are lacking. (See Code Civ. Proc., § 632; Cal. Rules of Court, rule 3.1590; compare § 4332 [in any judgment awarding spousal support, even without a request, the court "*shall*" make "specific factual findings with respect to the standard of living during the marriage" (italics added)].) Instead, given the presumption that the Order is correct (*Denham*,

---

14    "At the request of either party, an order modifying . . . a support order shall include a statement of decision." (§ 3654.)

10

*supra*, 2 Cal.3d at p. 564), we are "limited to searching the record for any substantial evidence which will support the [Order]" (*In re Marriage of Jones* (1990) 222 Cal.App.3d 505, 515 [modification of spousal support]). We have done that and are satisfied with the substantiality of the evidence in support of the Order here, as described *ante*.

In response to Husband's argument that the court denied the RFO without requiring Wife to file an opposition, we remind Husband that, as part of *his* burden to establish a material change of circumstances since the judgment (*Stephenson*, *supra*, 39 Cal.App.4th at p. 77; Evid. Code, § 500), he also had the "burden of producing *evidence*" in support of the requested relief (*Khera and Sameer*, *supra*, 206 Cal.App.4th at p. 1484, italics added;[15] see Evid. Code, §§ 500, 550, subd. (b)[16]). Husband is wrong in arguing that the court abused its discretion in deciding the RFO without the benefit of a current income and expense declaration from Wife that might have established her current needs

---

[15]    In *Khera and Sameer*, for example, the trial court did not abuse its discretion in denying the wife's request to modify the step-down in the order for permanent spousal support, because the wife, who had the burden, failed to present evidence of either the marital standard of living or her needs based on that standard. (*Khera and Sameer*, *supra*, 206 Cal.App.4th at p. 1484; see § 4320, subds. (a), (d).)

[16]    Together, these statutes direct that "a party has the burden of proof as to each fact the existence . . . of which is essential to the claim for relief . . . that he is asserting" (Evid. Code, § 500) and "[t]he burden of producing *evidence* as to a particular fact is initially on the party with the burden of proof as to that fact . . ." (*id*., § 550, subd. (b), italics added).

for purposes of section 4320.[17] Because Husband did not meet *his* burden of producing evidence of a prima facie case of a material change in circumstances, the burden never shifted to Wife to file anything. (*Sargent Fletcher, Inc. v. Able Corp.* (2003) 110 Cal.App.4th 1658, 1668 [burden of producing evidence shifts to the opposing party *only* *after* party with burden of proof "produces evidence sufficient to make its prima facie case"]; Evid. Code, § 550; Cal. Law Revision Com. com., 29B pt. 1B West's Ann. Evid. Code (2011 ed.) foll. § 550, pp. 407-408.) The trier of fact is tasked with determining whether the crucial and necessary facts for a prima facie case have been established (*Sargent Fletcher*, at p. 1668); and that is exactly what the trial court did here.[18]

---

[17] Husband relies on California Rules of Court, rule 5.92(b)(3), which Husband contends required Wife to produce a current completed income and expense declaration in response to his RFO.

[18] Had Husband needed Wife's current financial information as he suggests, section 3660 "permit[s] inexpensive [and easy] discovery of facts *before* the commencement of a proceeding for modification or termination of an order for . . . spousal support." (*Ibid.*, italics added.) Up to once a year after entry of a judgment dissolving a marriage and providing for spousal support, either party may demand from the other party production of a current income and expense declaration accompanied by the prior year's federal and state personal income tax returns. (§§ 3663, 3664, 3665.)

DISPOSITION

The Order is affirmed. Wife is awarded her costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


IRION, J.

WE CONCUR:


BENKE, Acting P. J.


McDONALD, J.