[Civ. No. 61725. Second Dist., Div. Four. Dec. 16, 1981.]

In re the Marriage of BETTE DORIS and RUSSELL LOUIS JACOBS.
BETTE DORIS JACOBS, Appellant, v.
RUSSELL LOUIS JACOBS, Respondent.

───────────────────────────────────────

───────────────────────────────────────

## COUNSEL

Gail Rappaport and Nancy J. Madsen for Appellant.

Charles A. Kent for Respondent.

───────────────────────────────────────

## OPINION

**KINGSLEY, Acting P. J.**—This is the second appeal in this case. In *Marriage of Jacobs* (1980) 102 Cal.App.3d 990 [162 Cal.Rptr. 649], we reviewed an order of the superior court refusing to modify a support order which had limited the wife's support to $1 per year after a brief period. We reversed that order on the ground of the wife's showing that that limitation had been imposed on the assumption that, by the termination date, the wife would have become self-supporting and that, since that assumption had proved to be in error, the wife was entitled to a modification to continue her support. On remand, the trial court, on October 27, 1980, granted the wife support in the amount of $200 per month, retroactive to May 1, 1980,—one day after the remittitur on the first appeal had been filed in the trial court.

 On this appeal the wife, not attacking the order for future support, contends that it was an abuse of the discretion granted by section 4801 of the Civil Code not to have made the modification retroactive to the date when the modification was first denied. We agree with that contention.

I

It is agreed that, in January of 1980, the wife had become employed in a full-time job. The husband here argues that, in some fashion, the wife and her counsel had been guilty of misconduct in not calling that fact to our attention when the first appeal was submitted. That conten-

tion is itself improper—we decide cases on the record, and facts, before the trial court. ■ Except in rare cases where events subsequent to the ruling under review have rendered the case totally moot, we do not, and may not, consider subsequent events. No factor of mootness was involved in a review of an order long since made.

## II

■ The husband contends that the present appeal is barred by an order made by this court after rendering the decision reported in 102 Cal.App.3d. That contention is frivolous. The wife's counsel had written to this court, after the first opinion came down, seeking a modification to expressly direct a retroactive award. That request was denied by a summary order. That order did not pass on the issue now before us. Our mandate had directed the trial court to rehear the original motion for modification. Any retroactivity was to be decided by the trial court in the light of facts developed at the new hearing; we were entitled to, and did, assume that the trial court would rule properly on that, as well as on the other issues, before it.

## III

■ The husband finally argues that there was no evidence before the trial court at the second hearing to enable it to pass on retroactivity. That contention is also frivolous and not borne out by the record before us. The wife's counsel had prayed for, and argued for, retroactivity. The wife's declaration then before the trial court had shown, without contradiction, a long period of unsuccessful attempts to secure employment and the exhaustion by her of $9,000 of her savings prior to her ultimate success in becoming employed.

## IV

■ It is a well settled rule that, on remand in cases such as this, where an erroneous ruling, reversed on appeal, has deprived a litigant of monies that he or she was entitled to receive, the trial court should accomplish equitable restitution of the money so lost. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 561, pp. 4500-4501.)

■ However, in awarding restitution, the wife is not, in this case, necessarily entitled to a blanket retroactive effect of the 1978 order. The record shows some, limited, employment during the period in-

volved; the financial statement before the court does not show the economic ability of the husband during that period—an ability which may have been greater or less than that shown in the fall of 1978. On the remand which we order, the trial court should tailor its award on the basis of the equitable rights of the parties in light of their economic needs and abilities at the various times of the wife's employment and unemployment.

The portion of the order of October 27, 1980, which limited the retroactivity of that order is reversed. The case is remanded for further proceedings consistent with this opinion. In its order made after the new hearing, the trial court shall allow to the wife, in addition to her normal costs on appeal, a sum reasonably adequate to cover her attorney fees on this appeal and on the new hearing.

McClosky, J., and Weil, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.