Filed 7/29/14  Marriage of Stone CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of HEATHER R. and BENJAMIN W. STONE. | |
| HEATHER R. STONE, Respondent, v. BENJAMIN W. STONE, Appellant. | F066479 (Super. Ct. No. 08FL0378) **OPINION** |

APPEAL from a judgment of the Superior Court of Kings County.  Julienne L. Rynda, Commissioner.

Benjamin W. Stone, in pro. per., for Appellant.

Kahn, Soares & Conway and Cathy J. Westlund for Respondent.

-ooOoo-

Benjamin W. Stone (Father) challenges a postjudgment order denying two motions.  Through these motions, Father sought to modify child support, terminate

spousal support, and obtain relief from the child support arrears based on alleged fraud under Family Code[1] section 2120 et seq.

Father argues the trial court denied him a meaningful opportunity to be heard by striking his memorandum of points and authorities as being untimely and refusing to hear his oral argument. Father further contends the trial court abused its discretion when it imputed an earning capacity in excess of his actual ability and refused to grant an evidentiary hearing on the parties' incomes.

The trial court did not err or abuse its discretion as alleged by Father. The court properly struck Father's points and authorities as untimely, and Father did not request argument at the hearing on the motions. Further, the trial court acted within its discretion when it imputed income to Father after finding that he elected to become unemployed by choosing to enroll full-time in law school. Finally, Father's attempt to obtain relief under section 2120 et seq. was properly denied as being untimely. Accordingly, the order will be affirmed.

## BACKGROUND

Father and respondent Heather R. Stone (Mother) married in 1996. At that time, Father was both a licensed pilot and a naval officer on active duty.

Proceedings to dissolve the marriage began in 2008. Early on, the parties agreed that Mother would be the primary custodial parent and would be allowed to move the three minor children to the Chicago area.

Temporary child and spousal support amounts were ordered and then modified at various times. On March 19, 2010, following trial, the court set child support at $2,545 per month and permanent spousal support at $400 per month. The court imputed income to Mother higher than her actual earnings. The court also took into consideration a number of factors regarding Father's income and ability to earn based on his having had several jobs since the beginning of the case.

---

[1]All further statutory references are to the Family Code unless otherwise stated.

Father returned to active duty for a one-year term beginning in June 2011.  On Father's motion, the trial court modified child support based on Father's active duty income.  Father was ordered to pay $2,645 per month in child support and $400 per month in spousal support effective June 19, 2011.

While on active duty, Father applied to law school.  On June 18, 2012, Father filed the underlying motion to modify child support and terminate spousal support based on a decrease in his income.  Father declared he had been admitted to the University of New Mexico School of Law as a full-time student.  Father stated he would be receiving a basic housing allowance from the Department of Veterans Affairs and a merit scholarship, and he was willing to stipulate to a net income of $904 per month.

Father also filed a separate "motion for relief" on June 28.  Father alleged he was entitled to relief from his child support obligations under section 2120 "based on fraudulent and perjurious information submitted by" Mother.

Mother filed a responsive declaration on June 29, 2012, and points and authorities on July 2, 2012.

Father then filed his own points and authorities on July 19, 2012.  For the first time, Father alleged he was an insulin dependent diabetic and, as such, was no longer authorized to operate a powered aircraft for hire.  According to Father, this was the reason he returned to school.

The trial court struck Father's points and authorities as untimely and did not consider them in making its ruling.  The court also struck Mother's additional points and authorities and a reply declaration, filed on July 23, 2012, as untimely.

The hearing on Father's motions was held on October 2, 2012.  At that time, the trial court recited its ruling.  Over the course of the hearing Father asked several questions that the court answered.  However, Father did not request to argue any part of his motions.

The trial court found Father made a unilateral decision to become unemployed.  Accordingly, for purposes of setting support, the court did not use Father's actual income

3.

but, rather, imputed to Father the ability to earn the salary he had at the job that ended in June 2012. Based on Father's earning capacity, the court denied Father's motion to modify child support and terminate spousal support.

The court found that Father's motion for relief from child support orders under section 2120 et seq. was untimely and that an evidentiary hearing would simply be a rehashing of old evidence. Therefore, the court denied Father's motion for relief from prior orders and request for an evidentiary hearing.

## DISCUSSION

### 1. Father Was Not Denied a Meaningful Opportunity to Be Heard

Father contends he was denied procedural due process, i.e., the right to be heard in a meaningful manner, because the trial court struck his points and authorities as untimely filed and ruled before hearing oral argument.

A motion must consist of the notice of hearing on the motion, the motion itself, and a memorandum in support of the motion. (Cal. Rules of Court,[2] rule 3.1112(a).) Rule 3.1113(a) provides that a party filing a motion *must* serve and file a supporting memorandum. Further, "[t]he court may construe the absence of a memorandum as an admission that the motion … is not meritorious and cause for its denial …."

Thus, a motion requires a minimum of three components, one of which is a supporting memorandum. (Rule 3.1112(a).) The reasonable interpretation of this rule is that these components must be filed at or near the same time. This way, the moving party satisfies his or her obligation to bring the issues to the attention of the court and the opposing party. (Cf. *People v. Williams* (1999) 20 Cal.4th 119, 128.)

Here, Father filed his motion to modify support on June 18 but did not file his supporting memorandum until July 19. Mother filed her responding memorandum on July 2. Thus, Father's memorandum was filed one month late and after Mother filed her response. Moreover, it raised new grounds for the motion. Thus, Father failed to

---

[2]All further rule references are to the California Rules of Court.

adequately notify Mother and the court of the issues in a timely manner. Under these circumstances, the trial court did not abuse its discretion in striking Father's memorandum. The trial court acted in accordance with its inherent and statutory authority to control its own proceedings. (Code Civ. Proc., §§ 128, 187; *Vidrio v. Hernandez* (2009) 172 Cal.App.4th 1443, 1454.)

Additionally, the trial court did not abuse its discretion when it did not relieve Father from his late filing on the ground that he was representing himself. A self-represented party is not entitled to preferential consideration. Rather, that party is treated like any other party—entitled to the same, but no greater consideration than other litigants and attorneys. A self-represented party is held to the same restrictive rules of procedure as an attorney. (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.)

Finally, Father was not prevented from presenting oral argument at the October 2 hearing. While the trial court began the proceeding by announcing that it intended to recite its ruling, Father neither asked to argue his case nor objected to the court ruling without hearing argument.

## 2. The Trial Court Did Not Err in Denying Father's Motion to Modify Support

Modification of support requires a material change of circumstances since the last order. (*In re Marriage of Biderman* (1992) 5 Cal.App.4th 409, 412 (*Biderman*).) "'Absent a change of circumstances, a motion for modification is nothing more than an impermissible collateral attack on a prior final order.'" (*Id.* at p. 413.) The moving party bears the burden of establishing such a material change of circumstances. (*In re Marriage of Stephenson* (1995) 39 Cal.App.4th 71, 77.)

The propriety of an order modifying either spousal support or child support rests within the discretion of the trial court. (*Biderman*, *supra*, 5 Cal.App.4th at p. 412; *In re Marriage of Alter* (2009) 171 Cal.App.4th 718, 730 (*Alter*).) Accordingly, the trial court's order will not be reversed on appeal absent a clear showing of abuse of discretion. (*Biderman*, *supra*, at p. 412.) The order is presumed to be correct. (*In re Marriage of*

*Ackerman* (2006) 146 Cal.App.4th 191, 197.) The reviewing court must determine both whether the trial court's factual findings are supported by substantial evidence and, without substituting its own judgment for that of the trial court, whether any judge reasonably could have made that order. (*Alter*, *supra*, at pp. 730-731.)

Father sought to terminate spousal support and modify child support based on a decrease in income caused by his decision to attend law school as a full-time student. Father also explained that his term with the Navy had ended and thus he did not "voluntarily quit" his employment.

However, a parent does not have the right to divest himself of his earning capacity at the expense of his former spouse and minor children. (*In re Marriage of Ilas* (1993) 12 Cal.App.4th 1630, 1639 (*Ilas*).) If that parent unilaterally decides to pursue his education and thus does not seek employment to the best of his ability, the court has discretion to impute income. (*Ibid.*; *In re Marriage of LaBass & Munsee* (1997) 56 Cal.App.4th 1331, 1339.) A wish to pursue a degree does not excuse a parent's support obligation. (*Ilas*, *supra*, at p. 1639.)

Here, the trial court found that Father had elected to become unemployed and chose to pursue education rather than employment. Thus, the court did not use Father's actual income but, rather, considered what Father had the ability to earn based on his last job and imputed that income to him. The court concluded there was no change in circumstances justifying modification of support.

The trial court did not abuse its discretion in denying Father's motion. Father made a unilateral decision to attend law school full time rather than work. Further, Father's education and work history supported the salary the trial court imputed. Under these circumstances, it was reasonable for the court to make that order.

In his stricken memorandum of points and authorities and his appellate briefs, Father argues that, because he is insulin dependent, he can no longer work as a pilot for hire. However, Father's motion did not raise this as a ground for modifying support. Moreover, Father did not offer any evidence to support this claim.

In sum, Father did not establish a material change of circumstances justifying termination of spousal support and modification of child support. Therefore, the trial court acted within its discretion in denying Father's modification motion.

**3. The Trial Court Did Not Err in Denying Father's Motion for Relief**

Father sought relief from his child support obligations based on Mother's alleged fraud and perjury under section 2120 et seq. and requested an evidentiary hearing to allow formal discovery proceedings relevant to Mother's actual income.

Section 2121 provides that the court may relieve a spouse from a judgment, or any part or parts thereof, based on certain grounds and within certain time limits. Actual fraud and perjury are grounds for relief but a motion on either must be "brought within one year after the date on which the complaining party either did discover, or should have discovered," the fraud or perjury. (§ 2122, subds. (a) & (b).)

In his motion for relief, Father alleged that Mother had been misstating her income on the income and expense declarations starting in June 2008 because Mother had not disclosed she and the children were living with Mother's parents "who pay the bulk of her household expenses." Father also alleged that Mother repeatedly claimed she cannot obtain employment as a teacher because she does not have a master's degree and because of where she lives and that these claims are untrue.

The judgment on the support issues was announced on March 19, 2010. From Father's motion it is apparent he had been aware of Mother's living situation. He had questioned her actual income beginning with the income and expense declaration filed in June 2008. This questioning continued with the declarations dated June 2009, December 2010, April 2011, and November 2011. Thus, he "discovered" the alleged fraud and perjury no later than March 2010, when the judgment on support was made. Father's motion for relief filed on June 28, 2012, over two years later, was properly denied as untimely. Moreover, the court correctly concluded no evidentiary hearing was needed because Father's request for relief was untimely.

## DISPOSITION

The order is affirmed.  Costs on appeal are awarded to respondent.

_____

PEÑA, J.

WE CONCUR:


_____

LEVY, Acting P.J.


_____

POOCHIGIAN, J.

8.