Filed 9/18/14  Marriage of Cappello CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of MARY ANN and A. BARRY CAPPELLO. | 2d Civil No. B248106 (Super. Ct. No. SB184863) (Santa Barbara County) |
| MARY ANN CAPPELLO,<br><br>    Appellant,<br><br>v.<br><br>A. BARRY CAPPELLO,<br><br>    Respondent. | |

Mary Ann Cappello (Appellant) appeals from the order denying her request to modify spousal support and for payment of her attorney fees and costs.  In 2005, the trial court reduced Appellant's monthly spousal support from $11,727 to zero, while reserving jurisdiction over the issue.  In 2012, she filed an order to show cause why the amount of her monthly support should not be modified.  The trial court concluded that factual findings made in support of the 2005 order were res judicata and precluded it from increasing monthly support based on Appellant's present economic circumstances.  We affirm.

1

*Facts*

The parties were married in 1970 and separated in 1990. Their 1992 marital settlement agreement awarded Appellant $23,500 per month in spousal support, with reductions as various items of property were sold and obligations liquidated. Appellant received additional cash and a parcel of unimproved real estate known as the "Mulholland property." The settlement agreement contemplated Appellant would sell the Mulholland property within three years, but provided for reduction in her monthly spousal support payment even if the property did not sell. In 1997, the trial court reduced her monthly spousal support to $11,727.

Appellant invested the lion's share of her assets in real estate. In addition to the Mulholland property, she acquired a primary residence in Calabasas and rental properties in Scottsdale, Arizona, and in Los Angeles, La Quinta, Big Bear, and Encino, California. These investments have never generated positive cash flow. To the contrary, in June 2012, Appellant reported net rental income of negative $5,080 per month. In 2005, she acknowledged liquid assets of $833,708. By 2012, her liquid assets had dwindled to $67,500 and she estimated her net real and personal property were worth $1,100,000. Appellant's income for 2010 was negative $753,889. She has also amassed approximately $150,000 in credit card debt.

In 2006, we affirmed a 2005 trial court order reducing Appellant's monthly spousal support payments from $11,727 to zero while reserving jurisdiction. The trial court's order was based on its factual finding that the value of Appellant's estate, "is sufficient, if properly managed, to provide for her reasonable support." The trial court also made factual findings that Appellant's testimony concerning her income, the value of her properties and her expenses suffered from a "total lack of credibility." It urged her to adjust her portfolio and investment strategy to generate income rather than capital growth.

In July 2012, Appellant filed an order to show cause, requesting that her spousal support be increased to an amount sufficient for her to enjoy the marital standard of living. She contended that her financial circumstances had changed because, despite

2

selling some of her properties, she had been unable to meet her financial needs. Appellant testified that she had invested $382,000 in an effort to develop the Mulholland property and was still unable to sell it. She had sold her properties in Big Bear and Arizona but was still losing money every month on her remaining properties. Appellant declared that she had spent the entire IRA awarded to her in the initial property distribution, had $67,500 left in her bank account and owed approximately $150,000 in credit card debt.

Respondent opposed the order to show cause on the ground that there were no changed circumstances justifying an increase in spousal support. Because Appellant did not show that she had reasonably managed her estate, res judicata precluded the trial court from reconsidering its prior finding that her estate, if properly managed, was sufficient for her proper support.

The trial court agreed with Respondent. First, it noted its 2005 finding that Appellant then had sufficient assets to meet her reasonable needs, if she managed her estate reasonably and restructured it to generate income rather than capital growth. This finding was res judicata on the issue of whether Appellant's assets were sufficient for her support. It further found there had been no material change of circumstances or failure of expectations because Appellant had not reasonably managed her estate after the 2005 order. According to the trial court, Appellant's "credibility problems continue[d]." She had retained all of her real estate investments until 2009, when she sold her property in Arizona, and 2011 when she sold the Big Bear property. She continued to spend money developing the Mulholland property but claimed it had no value. At the same time, Appellant had listed the Mulholland property for sale at $1,595,000. The trial court concluded, "If there is a 'failed expectation' in this matter it is the expectation that [Appellant] would not persist in an investment strategy, which according to her, could never result in a positive cash flow. This Court directed [Appellant] to make changes necessary to shift form a strategy of capital appreciation to one of income and gave her time to do so. She has failed to do so. Her imprudent management of her assets is a sufficient basis by itself to justify denial of her request."

3

*Standard of Review*

The trial court has broad discretion to decide whether to modify a spousal support order. (*In re Marriage of Terry* (2000) 80 Cal.App.4th 921, 928.) "On appeal, we review the trial court's modification decision for abuse of discretion. An abuse of discretion is shown only when, ' " . . . after calm and careful reflection upon the entire matter, it can fairly be said that no judge would reasonably make the same order under the same circumstances. [Citation.]" ' (*In re Marriage of Reynolds* (1998) 63 Cal.App.4th 1373, 1377. . . .)" (*In re Marriage of Tydlaska* (2003) 114 Cal.App.4th 572, 575.) In exercising its discretion, however, the trial court must "follow established legal principles and base its findings on substantial evidence. If the trial court conforms to these requirements its order will be upheld whether or not the appellate court agrees with it or would make the same order if it were a trial court." (*In re Marriage of Schmir* (2005) 134 Cal.App.4th 43, 47, fn. omitted.)

*Discussion*

Appellant contends the trial court erred because res judicata does not preclude the court from considering evidence of her present financial circumstances in determining whether her current assets are sufficient to meet her needs. She contends the trial court committed the same error when it denied her request for attorneys fees, because it failed to consider her current financial circumstances in determining the parties' relative ability to pay fees.

"A motion for modification of spousal support may only be granted if there has been a material change of circumstances since the last order. [Citation.] Otherwise, dissolution cases would have no finality . . . . " (*In re Marriage of Biderman* (1992) 5 Cal.App.4th 409, 412.) A change of circumstances "may be in the form of 'unrealized expectations' in the ability of the supported spouse to become self-supporting within a certain period of time." (*In re Marriage of Beust* (1994) 23 Cal.App.4th 14, 29.) However, "[a] family law court may not find a change of circumstances . . . in the reconsideration of a circumstance which has not changed since the previous order. [Citation.] Circumstances accounted for in the previous order cannot constitute a change

4

of circumstances." (*In re Marriage of Khera & Sameer* (2012) 206 Cal.App.4th 1467, 1476.)

Here, the trial court made a factual finding in 2005 that Appellant's estate was sufficient to meet her reasonable needs if managed reasonably to generate income rather than capital growth. We affirmed that finding on appeal. It is no longer subject to collateral attack. (*In re Marriage of Biderman, supra,* 5 Cal.App.4th at p. 413.) To demonstrate a material change in circumstances Appellant must do more than demonstrate that the assets she held in 2005 were insufficient to provide for her support. Instead, she must demonstrate that, despite her best efforts to comply with the 2005 order, she has been unable to generate sufficient income to be self supporting.

Appellant made no such showing. Instead, as the trial court found, Appellant did not reasonably manage her estate after the 2005 order. She continued to invest money developing the Mulholland property, which she now claims has no value and cannot be sold. She also continued to hold all of her unprofitable real estate investments until 2009, when she finally sold the Arizona property. Appellant failed to comply with the trial court's order to adjust her portfolio to generate income rather than capital growth. As a consequence, the fact that her estate currently fails to produce sufficient income to allow her to maintain the marital standard of living is not a material changed circumstance justifying a modification of the prior spousal support order. "[J]ust as a lack of diligence in seeking employment may lead to a refusal to award spousal support [citation], so too may improvident management of assets, which were sufficient to provide self-sufficiency in the accustomed lifestyle, justify termination of support and jurisdiction even though such an order may result in an alteration in the supported spouse's lifestyle. To hold otherwise, would encourage profligacy and discourage sound investment and prudent management to the detriment of all concerned." (*In re Marriage of McElwee* (1988) 197 Cal.App.3d 902, 909-910.)

Appellant contends the trial court erred when it denied her request for attorney fees because Respondent is far wealthier than Appellant. The trial court has wide discretion in fashioning an award of attorney fees pursuant to Family Code sections

5

2030 and 2032.  (*In re Marriage of Sorge* (2012) 202 Cal.App.4th 626, 662.)  We will affirm the trial court's determination unless its order is one no judge could reasonably have made.  (*In re Marriage of Dietz* (2009) 176 Cal.App.4th 387, 406.)  Here, the trial court declined to award fees because both parties have substantial wealth and the resources required to litigate this matter.  This conclusion is not unreasonable.  (*In re Marriage of O'Connor* (1997) 59 Cal.App.4th 877, 884.)  There was no abuse of discretion.  (*In re Marriage of Huntington* (1992) 10 Cal.App.4th 1513, 1524.)

The order is affirmed.  Costs to Respondent.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

6

Donna Geck, Judge

Superior Court County of Santa Barbara

_____

Bergman Law Group; Daniel A. Bergman, for Appellant.

Taylor, McCord, Praver & Cherry; Richard L. Taylor and Patrick G. Cherry, for Respondent.